UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MICHAEL MENZIES,

           Plaintiff

                                                  19 Civ.

  v.

                                                  JURY TRIAL REQUESTED

LONG ISLAND RAILROAD COMPANY,

           Defendant
----------------------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

### THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Nassau, and City of Island Park.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to May 24, 2018, and at all times hereinafter mentioned, the defendant employed the plaintiff as a radio technician under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to May 24, 2018 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the Laurelton Train Station, Queens, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On May 24, 2018, while the plaintiff was installing a positive train control backup battery power pack in a C-case, the door blew closed on his left elbow because the door prop/latch and bracket bent, injuring plaintiff's elbow.

11. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

12. Plaintiff's injuries include, but are not limited to, blunt force trauma and radial nerve tendon tear.

## COUNT I
### Violation of FELA

13. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

14. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

15. On or about May 24, 2018, while the plaintiff, an employee of the defendant, was in the performance of his duties as a radio technician at the Laurelton Train Station between Tracks 1 and 2, Laurelton, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

   a. in failing to provide plaintiff with a reasonably safe place to work;

   b. in failing to properly install a door prop/latch;

   c. in failing to inspect plaintiff's work location;

   d. in failing to repair the door prop/latch;

   e. in providing a defective door prop/latch;

   f. in failing to provide a reasonably safe means of keeping the door from striking plaintiff;

   g. in providing a door prop/latch that did not operate as intended;

   h. in providing a door prop/latch that allowed the door to slam shut under reasonably anticipated wind conditions;

   i. in providing door prop/latches that are very long, creating excessive leverage, causing the door prop/latch to bend and break;

   j. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

16. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

17. The plaintiff was damaged thereby in a sum in excess of $100,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS; together with the costs and disbursements of this action.

                Respectfully submitted

By: _____
      MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com